NOT DESIGNATED FOR PUBLICATION

No. 119,946

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY JACK DANIELS,
*Appellant*.


MEMORANDUM BY THE COURT


Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed September 27, 2019. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Brett Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., LEBEN, J., and WALKER, S.J.

PER CURIAM: When Kansas adopted sentencing guidelines, it created a matrix that sets criminal sentences into categories determined by the severity of the crime and the offender's criminal history. This means that the more serious crimes call for longer prison sentences. And offenders with greater histories of criminal conduct receive longer sentences. The sentencing system has evolved into a complex set of rules that all sentencing courts must know and enforce. Sometimes the rules appear to conflict and courts are called upon to sort this out so that the goals of the guidelines are achieved and justice is done. This case involves such a conflict.

1

Billy Jack Daniels appeals his sentence. He contends the court had to sentence him to probation with drug treatment rather than sending him to prison for his third drug possession offense. In his view, two competing sentencing rules apply: mandatory probation with drug treatment and the three-strikes rule. He contends the rule of lenity applies. But he is mistaken. We hold a third statute directs that the drug treatment statute is subordinate to the three-strikes rule. Thus, there is no sentencing error and we affirm the district court.

*Daniels is guilty of his third drug felony.*

Daniels pled guilty to one count of possession of methamphetamine, a severity level 5 drug felony under K.S.A. 2017 Supp. 21-5706(a), (c)(1). His criminal history score was E. On the drug sentencing grid, Daniels' sentence was presumptive probation in the 5-E box and he could have qualified for drug treatment under "Senate Bill 123." See K.S.A. 2017 Supp. 21-6805(a); K.S.A. 2017 Supp. 21-6824(a)(1). But a special sentencing rule provided that when an offender committed his third or later felony drug possession (as Daniels did), the sentence was presumptive prison. See K.S.A. 2017 Supp. 21-6805(f)(1).

At his sentencing hearing, Daniels argued that under S.B. 123, probation with drug treatment was mandatory. He contended that since S.B. 123 and the three-strikes rule (K.S.A. 2017 Supp. 21-6805(f)[1]) conflicted, the rule of lenity required the district court to impose the more favorable sentence to him—probation with drug treatment under S.B. 123. The State argued that the three-strikes rule under K.S.A. 2017 Supp. 21-6805(f)(1) controlled because it was the more specific statute.

Unpersuaded, the district court ruled that the three-strikes rule disqualified Daniels from S.B. 123 treatment and sentenced Daniels to 20 months in prison.

2

*The rules that guide us in this sentencing question.*

When construing statutes, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015). A specific statute controls over a general statute. Likewise, a specific provision within a statute controls over a more general provision within the statute. *Vontress v. State*, 299 Kan. 607, 613, 325 P.3d 1114 (2014). In general, criminal statutes are strictly construed in favor of the accused. That rule is constrained by the rule that interpreting a statute must be reasonable and sensible to effect the legislative design and intent of the law. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016).

*We examine the two specific sentencing statutes.*

The parties agree that the two sentencing statutes apply to Daniels and they yield different results—the first is probation with drug treatment (K.S.A. 2017 Supp. 21-6824(a)[1]), and the second is prison (K.S.A. 2017 Supp. 21-6805(f)[1]). The probation with drug treatment statute directs the sentencing court to place certain offenders with limited criminal histories on probation and mandatory drug treatment:

> "(a) *There is hereby established a nonprison sanction of certified drug abuse treatment programs for certain offenders* who are sentenced on or after November 1, 2003. Placement of offenders in certified drug abuse treatment programs by the court shall be limited to placement of adult offenders, *convicted of a felony violation of* K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 2010 Supp. 21-36a06, prior to its transfer, or *K.S.A. 2017 Supp. 21-5706*, and amendments thereto:
>> (1) *Whose offense is classified in grid blocks* 5-C, 5-D, *5-E*, 5-F, 5-G, 5-H or 5-I of the sentencing guidelines grid for drug crimes and such offender has no felony

conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, prior to their repeal, K.S.A. 2010 Supp. 21-36a03, 21-36a05 or 21-36a16, prior to their transfer, or K.S.A. 2017 Supp. 21-5703, 21-5705 or 21-5716, and amendments thereto, or any substantially similar offense from another jurisdiction." (Emphases added.) K.S.A. 2017 Supp. 21-6824(a)(1).

Our Supreme Court has made its views clear on this law. Certified drug treatment is mandatory if certain conditions are met. *State v. Andelt*, 289 Kan. 763, 765, 217 P.3d 976 (2009). Under K.S.A. 2017 Supp. 21-6824(b)-(c), if an offender is assigned a high-risk status by a drug abuse assessment and either a moderate or high-risk status by a criminal risk-need assessment, then the sentencing court must commit the offender to treatment in a drug abuse treatment program. *State v. Swazey*, 51 Kan. App. 2d 999, Syl. ¶ 3, 357 P.3d 893 (2015). We move now to the second, apparently conflicting, rule—K.S.A. 2017 Supp. 21-6805(f)(1).

The three-strikes rule says that certain offenders must go to prison and serve their sentences and it is not a departure sentence when they do so:

"*The sentence for a third or subsequent felony conviction of* K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 2010 Supp. 21-36a06, prior to its transfer, or *K.S.A. 2017 Supp. 21-5706*, and amendments thereto, *shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison* as provided by this section. The defendant's term of imprisonment shall be served in the custody of the secretary of corrections in a facility designated by the secretary. . . . The sentence under this subsection shall not be considered a departure and shall not be subject to appeal." (Emphases added.) K.S.A. 2017 Supp. 21-6805(f)(1).

Daniels admits that the three-strikes rule is also mandatory.

Resolving this apparent conflict, the State points to a third statute that creates an exception to the drug treatment mandate:

4

"(n)(1) *Except as provided by* K.S.A. 2017 Supp. 21-6630 and *21-6805(f)*, and amendments thereto, in addition to any of the above, *for felony violations of K.S.A. 2017 Supp. 21-5706*, and amendments thereto, *the court shall require the defendant who meets the requirements established in K.S.A. 2017 Supp. 21-6824*, and amendments thereto, *to participate in a certified drug abuse treatment program*, as provided in K.S.A. 2017 Supp. 75-52,144, and amendments thereto, including, but not limited to, an approved after-care plan. The amount of time spent participating in such program shall not be credited as service on the underlying prison sentence." (Emphases added.) K.S.A. 2017 Supp. 21-6604(n)(1).

Even though the State did not mention this third statute to the district court, we may consider its new argument on appeal to determine if the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. In other words, the court was right for the wrong reason. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

After considering the sentencing guidelines and their goals, we hold the State is correct. The statute, K.S.A. 2017 Supp. 21-6604(n)(1), directly resolves the conflict between the certified drug treatment statute and the three-strikes rule. It says, "except as provided by" K.S.A. 2017 Supp. 21-6805(f) (the three-strikes rule), the court shall require probation with drug treatment under K.S.A. 2017 Supp. 21-6824. In other words, a sentencing court need not impose probation with drug treatment when the three-strikes rule applies.

Interestingly, the Supreme Court came to the same conclusion in *Andelt*. The statute numbers have changed, and the requirements have changed somewhat. But, essentially, the court held that certified drug abuse treatment under K.S.A. 2017 Supp. 21-6824 is mandatory for qualifying offenders, except for repeat offenders under K.S.A. 2017 Supp. 21-6805(f). As support, the court cited the "[e]xcept as provided by" phrase in K.S.A. 2017 Supp. 21-6604(n). *Andelt*, 289 Kan. at 771-72. The court held that K.S.A.

2017 Supp. 21-6805(f) (the three-strikes rule) creates an exception to the nonprison sanction in K.S.A. 2017 Supp. 21-6824 (certified drug abuse treatment). 289 Kan. at 770. "[R]epeat drug offenders will be sentenced to imprisonment regardless of whether such offenders would otherwise qualify for the drug abuse treatment program." 289 Kan. at 774. A panel of this court seems to have agreed in *State v. Madden*, No. 105,897, 2012 WL 2476988, at \*6 (Kan. App. 2012).

Because K.S.A. 2017 Supp. 21-6604(n)(1) explicitly directs how the other two statutes interact, the rule of lenity does not apply. Daniels' sentence was presumptive prison under K.S.A. 2017 Supp. 21-6805(f)(1). The sentencing court was correct.

Affirmed.